1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, | ) 1:06-cv-1633-AWI-SMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S REQUEST |
| | ) FOR APPOINTMENT OF COUNSEL (DOC. |
| v. | ) 5) |
| | ) |
| AMERICAN AMBULANCE, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Despite the Court's order to do so, Plaintiff has not filed a completed application to proceed in forma pauperis or, in the alternative, paid the filing fee. Plaintiff is being given an opportunity to pay the filing fee by a separate order.

On December 7, 2006, Plaintiff filed a document in which he asked the court to appoint an attorney to assist him in this case. The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford

1

1  counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court

2  in such circumstances is discretionary, not mandatory. United

3  States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th

4  Cir. 1995). Appointment may be made if a court finds that there

5  are exceptional circumstances after evaluating the likelihood of

6  success on the merits and the ability of the party to articulate

7  his claims pro se in light of the complexity of the legal issues

8  involved; the factors must be viewed together. Terrell v. Brewer,

9  935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v.

10 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

11     Here, this Court cannot require an attorney to represent

12 plaintiff. Mallard v. United States District Court for the

13 Southern District of Iowa, 490 U.S. 296, 298 (1989). Without a

14 reasonable method of securing and compensating counsel, this

15 court will seek volunteer counsel only in the most serious and

16 exceptional cases.

17     In light of the early stage of the proceedings and

18 Plaintiff's repeated failure even to complete the process of

19 paying the filing fee or filing a completed application to

20 proceed in forma pauperis, the Court cannot make a determination

21 that Plaintiff is likely to succeed on the merits. Terrell, 935

22 F.2d at 1017. There is no showing that Plaintiff is unable to

23 proceed in view of the nature of the case, which concerns

24 Plaintiff's treatment in an ambulance.

25     The Court does not find the required exceptional

26 circumstances.

27     ///

28     ////

2

    Accordingly, Plaintiff's motion for the appointment of
counsel, filed December 7, 2006, IS DENIED.


IT IS SO ORDERED.

**Dated:    January 3, 2007**                    **/s/ Sandra M. Snyder**
icido3                                        UNITED STATES MAGISTRATE JUDGE